**Mark Anthony SHILLING, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–97–062–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 13, 1998.

Rehearing Overruled Oct. 8, 1998.

Bruce Anton, Dallas, for appellant.

Bruce Isaacks, Dist. Atty., Yolanda M. Joosten, John Hawkins, Patrick Berry, Asst.

3. *See* TEX. FIN.CODE ANN. § 302.002 (Vernon 1998).

Dist. Attys., Denton, Matthew Paul, State Pros. Atty., Austin, for appellee.

Before DAY, DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

A jury convicted Appellant Mark Anthony Shilling of two counts of aggravated sexual assault and sentenced him to life imprisonment on each count. Appellant brings five points on appeal. We affirm the trial court's judgment.

Although Appellant committed the offenses in his Dallas County mobile home, he was prosecuted in Denton County. The code of criminal procedure provides: "An offense committed on the boundaries of two or more counties, or within four hundred yards thereof, may be prosecuted and punished in any one of such counties."[1] The code of criminal procedure also provides: "[T]he indictment or information, or any pleading in the case, may allege that the offense was committed in the county where the prosecution is carried on. To sustain the allegation of venue, it shall only be necessary to prove by the preponderance of the evidence that by reason of the facts in the case, the county where such prosecution is carried on has venue."[2]

■ Appellant complains in his first point that the evidence is factually insufficient to establish that Denton County was a proper venue. Appellant complains in his second and third points that the trial court erred in permitting two lay witnesses to testify to the county boundary's location. Lewisville Police Sergeant John Dupree testified that he knew the county boundary's location based upon his twenty-seven years of police experience, and that it was within one hundred yards of Appellant's mobile home.

Gregory Burton, manager of the Appellant's mobile home community, testified that there is a marker in the community which denotes the county boundary. Burton admitted he had no knowledge of who had installed the marker. Burton also testified that, to determine whether the children living in a particular mobile home would attend Dallas or Denton County schools, he used an uncertified plat map to show residents the location of the county line in relation to each mobile home. The map, which depicts the county line at the location of the marker, was admitted into evidence. Burton testified that he estimated the distance from Appellant's mobile home to the marker to be 285 feet.

The rules of evidence provide an exception to the hearsay rule for "[r]eputation in a community, arising before the controversy, as to boundaries of, or customs affecting lands in the community, and reputation as to events of general history important to the community or state or nation in which located."[3] Burton's testimony that the community residents base their belief of the county boundary's location upon the marker and the map, falls within this exception to the hearsay rule.

■ In reviewing the sufficiency of the evidence to support a conviction, we are not to sit as a thirteenth juror and reweigh the evidence to determine whether we believe the evidence established the elements beyond a reasonable doubt.[4] We may set aside the verdict "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust."[5] Examples of such a wrong and unjust verdict include instances in which the jury's finding is "manifestly unjust," "shocks the conscience," or "clearly demonstrates bias."[6] We find that Dupree and Burton's lay testimony was sufficient to support the jury's conclusion that

---

1. Tex.Code Crim. Proc. Ann. art. 13.04 (Vernon Supp.1998).

2. Tex.Code Crim. Proc. Ann. art. 13.17 (Vernon 1977).

3. Tex.R. Evid. 803(20).

4. *See Blankenship v. State*, 780 S.W.2d 198, 207 (Tex.Crim.App.1989) (op. on reh'g).

5. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim. App.1996).

6. *Santellan v. State*, 939 S.W.2d 155, 165 (Tex. Crim.App.1997).

Denton County was a proper venue.[7] We overrule Appellant's first three points.

Appellant complains in his fourth and fifth points that trial counsel was ineffective in failing to challenge either for cause or peremptorily a juror who opposed probation. Appellant "bears a tremendous burden" in proving ineffective assistance.[8] The two-step analysis set out by the United States Supreme Court in *Strickland v. Washington*[9] and adopted by the court of criminal appeals in *Hernandez v. State*[10] is the standard for appellate review of counsel's effectiveness during voir dire.[11]

First, Appellant must show that counsel's performance was so deficient as not to function as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution.[12] Because the constitutional right to counsel does not guarantee errorless counsel, the effectiveness of counsel must be determined by the entire representation.[13] Isolated instances of error simply will not support an ineffective assistance claim.[14]

 Because we "must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance ... [and] that, under the circumstances, the challenged action might be considered sound trial strategy,"[15] allegations of ineffective assistance must be firmly founded in the record.[16] We note that the record in this case is devoid of evidence of the precise

reasoning that counsel employed during voir dire.[17]

The second *Strickland* prong requires Appellant to establish that counsel's deficient performance prejudiced the defense.[18] This second prong requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[19] We find that Appellant has wholly failed to prove ineffective assistance. We overrule his fourth and fifth points. Finding no reversible error, we affirm the trial court's judgment.

---

7. *See Adams v. State*, 936 S.W.2d 313, 314 (Tex. App.—Tyler 1996, pet. ref'd).

8. *Calderon v. State*, 950 S.W.2d 121, 127 (Tex. App.—El Paso 1997, no pet.).

9. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).

10. *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim.App.1986).

11. *See Calderon*, 950 S.W.2d at 126–27.

12. U.S. CONST. amend. VI; *see Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim. App.1994).

13. *See McFarland v. State*, 845 S.W.2d 824, 843 (Tex.Crim.App.1992), *cert. denied*, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993).

14. *See id.*

15. *Jackson*, 877 S.W.2d at 771 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–95) (internal quotations omitted).

16. *See Hawkins v. State*, 660 S.W.2d 65, 75 (Tex. Crim.App.1983).

17. *See Jackson*, 877 S.W.2d at 771 (refusing to infer ineffectiveness during voir dire when the record did not reflect the attorney's reasoning for failing to challenge a veniremember).

18. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Jackson*, 877 S.W.2d at 771.

19. *Jackson*, 877 S.W.2d at 771 (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693).