NO. 07-01-0412-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 10, 2002



______________________________




ROBERT JAMES COLEMAN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 208th DISTRICT COURT OF HARRIS COUNTY;



NO. 840,065; HONORABLE DENISE COLLINS, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Robert James Coleman appeals his conviction for aggravated robbery
and the resulting punishment of 66 years confinement in the Institutional Division of the
Department of Criminal Justice and a $1,000 fine. In his appeal, he contends that the jury
should have been charged on the lesser-included offense of robbery and that he received
ineffective assistance of counsel. Finding no error, we affirm the conviction for the
reasons explicated. 

 On March 25, 2000, Carlos Mendez, the owner of a nightclub called Boulevard
Nights, had closed the club and was saying goodnight to three other patrons in the parking
lot. He was approached by appellant, who pointed a gun at Mendez and asked for his
wallet and money. Appellant also fired the gun at the ground near Mendez's feet. Mendez
gave appellant his necklace, wallet, and money. He then struggled with appellant, who
fired a shot, but Mendez was not hit. Appellant fled while shooting one more round and
got into the bed of a pickup truck driven by Jose Zepeda. Mendez got into his own car and
followed the two men while calling the police on his cell phone. The police finally caught
up with the vehicle, and the driver stopped. However, appellant got out of the truck and
ran away. While doing so, he dropped Mendez's wallet. Appellant was subsequently
apprehended. No gun was ever found, but a spent shell casing from a .40 caliber gun was
found in the nightclub parking lot. A strike mark was also found in the asphalt. 

 In his first issue, appellant argues the jury should have been charged on the lesser-
included offense of robbery. The request was based on Zepeda's testimony, who testified
on cross-examination that after he and appellant had been placed in the same police car,
he asked appellant, "[w]hat are they talking about? What gun?" Appellant argues that this
testimony was sufficient to raise the issue of whether or not a gun was involved and thus
he should have received an instruction on the lesser offense. 

 A person commits the offense of robbery if, in the course of committing theft and
with intent to obtain or maintain control of property, he intentionally or knowingly threatens
or places another in fear of imminent bodily injury or death. Tex. Pen. Code Ann. § 29.02
(a)(2) (Vernon 1994). A person commits aggravated robbery if he uses or exhibits a
deadly weapon while committing a robbery. Id.§ 29.03(a)(2). An accused is entitled to a
charge on a lesser-included offense if the lesser offense is included within the proof
necessary to establish the offense charged and there is some evidence in the record that
would permit a jury to rationally find that, if guilty, the accused is guilty only of the lesser
offense. Rousseau v. State, 855 S.W.2d 666, 673 (Tex.Crim.App.), cert. denied, 510 U.S.
919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). 

 There is no dispute that the elements of the lesser offense are included in the proof
necessary to establish aggravated robbery. Therefore, we must determine whether there
is some evidence in the record that would permit the jury to find appellant is only guilty of 
the lesser offense. In doing so, we must consider all the evidence introduced at trial,
whether produced by the State or appellant. Penry v. State, 903 S.W.2d 715, 755
(Tex.Crim.App.), cert. denied, 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). Also,
we may not consider the credibility of the evidence and if it conflicts with other evidence
in determining whether an instruction should be given. Id. It is not enough that the jury
may disbelieve crucial evidence pertaining to the greater offense, there must be some
evidence germane to the lesser-included offense for the factfinder to consider. Skinner
v. State, 956 S.W.2d 532, 543 (Tex.Crim.App. 1997), cert. denied, 523 U.S. 1079, 118
S.Ct. 1526, 140 L.Ed.2d 677 (1998). Anything more than a scintilla of evidence is
sufficient to entitle a defendant to an instruction on a lesser-included offense. King v.
State, 17 S.W.3d 7, 21 (Tex.App.--Houston [14th Dist.] 2000, pet. ref'd). Nevertheless, the
entire record must be examined rather than extracting certain evidence and examining it
in a vacuum. Enriquez v. State, 21 S.W.3d 277, 278 (Tex.Crim.App. 2000). 

 In this instance, there were four witnesses to the crime, Mendez and the three club
patrons, James Falcon, Laura Duran, and Janice Solis. All four witnesses observed
appellant with a gun and also heard or saw him fire it. Additionally, the police found shell
casings in the parking lot and a strike mark on the ground. 

 Zepeda himself testified on direct examination that he heard a gunshot while waiting
on appellant in his truck by the side of the club. Appellant then came running to the truck
and told him to drive. Zepeda averred appellant had a gun when he was in the back of the
truck and also heard gunshots from the bed of the pickup while he was driving. 

 On cross-examination, Zepeda stated he had not seen appellant with a gun prior
to arriving at the club. He also answered the question affirmatively, "[w]hile you were in
the same car with Mr. Coleman, didn't you say, 'What are they talking about? What gun?'"
However, on redirect examination, he denied having said those exact words and agreed
that he knew appellant had a gun that night. Appellant did not testify during the
guilt/innocence phase. 

 The statement allegedly made by Zepeda does not rise to more than a scintilla of
evidence that appellant did not have a gun. Even if Zepeda made the statement, he had
already testified that he had not seen a gun on appellant earlier in the evening, but heard
gunshots both at the nightclub and coming from the bed of the pickup truck. Thus, within
the context of his entire testimony, the statement does not reflect either positively or
negatively on the existence of a gun, but merely shows a query on the part of Zepeda.
Moreover, the evidence is overwhelming that appellant had a gun. The trial court did not
err in failing to instruct the jury on the lesser-included offense. Appellant's first issue is
overruled.

 In his second issue, appellant claims he received ineffective assistance of counsel
during trial. In that regard, he contends that his counsel failed to properly use his
challenges for cause in voir dire and object to the State's argument during the
guilt/innocence phase of the trial. The standard by which we review the effectiveness of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d
674 (1984), and adopted by our Court of Criminal Appeals in Hernandez v. State, 726
S.W.2d 53, 57 (Tex.Crim.App. 1986). Under that standard, a claimant must show his
counsel's performance was deficient and that the deficient performance prejudiced his
defense. Strickland, 466 U.S. at 687. Thus, he must show that, but for counsel's errors,
the result of the proceeding would have been different. Id. There is a strong presumption
that trial counsel rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment. Id. at 690. Furthermore, counsel's
performance is judged by the totality of the representation and not from isolated instances
of error. Id. at 695. 

 Appellant argues that (1) an unidentified venireman raised concerns regarding his
father's robbery where no one was caught, and (2) Juror No. 15 had friends and relatives
who had been robbed, and he said it would affect him. Both persons were selected on the
jury. Further, appellant asserts, he would have had two additional strikes for Juror Nos.
1 and 35 if his counsel had properly moved to strike them for cause.

 The reference in the record given to us by appellant with respect to the unidentified
juror indicates that Juror No. 3's father owned a retail store and had been held up five or
six years ago. However, the juror stated there was nothing about that event which would
affect his ability to be fair and impartial. Later, the same juror was questioned again by the
court and gave the same response. Counsel was not ineffective in failing to strike this
juror when the record shows he could be fair and impartial. See Bernal v. State, 930
S.W.2d 636, 639 (Tex.App.--Corpus Christi 1996, pet. ref'd). 

 Juror No. 15 testified that her father-in-law was robbed at gunpoint, a close friend
had also been robbed at gunpoint, and her brother-in-law killed his son-in-law, who was
under the influence of drugs. The juror stated, "[t]hey happened just a few months ago
because the man is now in the hospital after a severe stroke. It would affect my judgment." 
However, later the State asked if there was anyone who knew they could not be a fair juror
to either the State or the defense, and no hands were raised. The record does not show
that appellant's counsel challenged this juror for cause or used a strike to remove her from
the panel.

 A challenge for cause may be made to a juror who has a bias or prejudice in favor
of or against a defendant. Tex. Code Crim. Proc. Ann. art. 35.16(a)(9) (Vernon 1989). 
The decision in Hernandez v. State, 28 S.W.3d 660 (Tex.App.--Corpus Christi 2000, pet.
ref'd), is helpful here. In that case, a juror stated that she did not think she could judge the
defendant fairly. When asked if she felt she could not be fair and impartial, the juror stated
it was a doubt she had. No challenges were made to the juror and she was selected as
an alternate, who became a member of the jury when another juror became ill. In
responding to a complaint that counsel was ineffective for not challenging the juror, the
court found that the defense counsel, the prosecutor, and the judge were in the best
position to evaluate the juror's response. Id. at 666. The court further noted that counsel
struck other prospective jurors and there was no evidence as to counsel's reasons for not
striking this particular juror. Id. at 666-67. In light of those factors, the trial court declined
to speculate as to counsel's reasons for not striking the questionable juror. Id. Further,
counsel did not claim that her presence on the jury actually prejudiced him, and the court
declined to make that presumption. Id. 

 Other courts have also refused to find that counsel's failure to challenge a juror
constitutes ineffective assistance of counsel when there is no record showing counsel's
reasons for not doing so. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App.
1994); Beal v. State, 35 S.W.3d 677, 682-83 (Tex.App.--Houston [1st Dist.] 2000, pet.
granted); and Shilling v. State, 977 S.W.2d 789, 791 (Tex.App.--Fort Worth 1998, pet.
ref'd). Similarly, in this instance, the record does not show why counsel did not challenge
Juror No. 15. We therefore decline to find that the presumption of effective counsel has
been rebutted. Further, appellant has not claimed he was prejudiced by the selection of
the juror or shown that the outcome of the trial would have been different in light of the
strong evidence of his guilt. 

 Appellant also claims he would have had "two (2) additional strikes (for ones used
on Jurors 1 and 35) if Appellant's trial counsel had properly moved to strike for cause as
both jurors said." Juror Nos. 1 and 35 were apparently struck from the panel by
peremptory strikes. Although Juror No. 35 stated that if appellant did not testify he would
think appellant was hiding something, he also stated that he would follow the law, was
willing to listen to what the witnesses had to say and give their testimony the credibility it
deserved. Counsel moved to strike the juror for cause based on his testimony that "he
would have a hard time giving punishment and also had a problem with the presumption
of innocence." However, the motion was overruled. Nothing in these actions
demonstrates ineffective counsel. 

 As to Juror No. 1, he apparently raised his hand, along with several other persons,
to indicate that if appellant did not testify, he must be guilty. Thereafter, there was a
discussion with one juror, although the record does not show which one. Later, counsel
made the following request:

 MR. CARROLL: Yes, Ma'am. I have some others I'd like to talk to. 


 THE COURT: Like who?


 MR. CARROLL: No. 1 is about the issue of punishment where they said they

 couldn't follow the law concerning the range of punishment.


 As to No. 2, I have that they would question it if the defendant did not testify. 
He did not feel he could be fair because of that. I'd move to strike for cause. 
 

 THE COURT: Granted. 


Although the record is not clear, it appears that Juror No. 1 was not struck for cause, but
by virtue of one of appellant's peremptory strikes. Even assuming counsel's performance
was deficient in failing to move to strike Juror No. 1 for cause, neither that juror nor Juror
No. 35 served on the jury. Although appellant claims he would have had two additional
strikes, he does not state that there were other jurors he would have chosen to remove
from the panel by those strikes or identify those jurors. Thus, appellant has failed to show
that he was prejudiced or that the outcome of the trial would have been different. 

 Appellant further complains of counsel's failure to preserve error when he objected
to a portion of the State's argument during the guilt/innocence phase. (1) The objectionable
argument was as follows:

 . . . This is not a minimum case so you should not start it at the bottom. This
is not someone coming up and saying give me your purse or grabbing a
purse and running. This is a case where shots were fired, multiple victims,
high-speed chase, more shots being fired. This is a capital murder case
waiting to happen. If any of those victims had been hit by those bullets - -


 MR. CLARK: He's not charged with capital murder. I would object to hermaking that inference. 


 THE COURT: Sustained. 


Although appellant objected, he failed to request an instruction to disregard or move for
a mistrial to preserve error. 

 An isolated failure to object to improper argument has been held not to be
ineffective assistance of counsel. Vasquez v. State, 819 S.W.2d 932, 938 (Tex.App.--
Corpus Christi 1991, pet. ref'd). Even assuming arguendo that the failure to preserve error
was deficient, appellant has not shown that, but for counsel's error, the outcome of the trial
would have been different. Thus, appellant's second issue is overruled.

 Having overruled appellant's two issues, we affirm the judgment of the trial court.


 John T. Boyd

 Chief Justice


Do not publish. 

 
1. The portion of the record cited by appellant actually occurred during the
punishment phase of the trial.