NO. 07-01-0412-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 10, 2002

_____

ROBERT JAMES COLEMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 208th DISTRICT COURT OF HARRIS COUNTY;

NO. 840,065; HONORABLE DENISE COLLINS, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Robert James Coleman appeals his conviction for aggravated robbery and the resulting punishment of 66 years confinement in the Institutional Division of the Department of Criminal Justice and a $1,000 fine. In his appeal, he contends that the jury should have been charged on the lesser-included offense of robbery and that he received

ineffective assistance of counsel. Finding no error, we affirm the conviction for the reasons explicated.

On March 25, 2000, Carlos Mendez, the owner of a nightclub called Boulevard Nights, had closed the club and was saying goodnight to three other patrons in the parking lot. He was approached by appellant, who pointed a gun at Mendez and asked for his wallet and money. Appellant also fired the gun at the ground near Mendez's feet. Mendez gave appellant his necklace, wallet, and money. He then struggled with appellant, who fired a shot, but Mendez was not hit. Appellant fled while shooting one more round and got into the bed of a pickup truck driven by Jose Zepeda. Mendez got into his own car and followed the two men while calling the police on his cell phone. The police finally caught up with the vehicle, and the driver stopped. However, appellant got out of the truck and ran away. While doing so, he dropped Mendez's wallet. Appellant was subsequently apprehended. No gun was ever found, but a spent shell casing from a .40 caliber gun was found in the nightclub parking lot. A strike mark was also found in the asphalt.

In his first issue, appellant argues the jury should have been charged on the lesser-included offense of robbery. The request was based on Zepeda's testimony, who testified on cross-examination that after he and appellant had been placed in the same police car, he asked appellant, "[w]hat are they talking about? What gun?" Appellant argues that this testimony was sufficient to raise the issue of whether or not a gun was involved and thus he should have received an instruction on the lesser offense.

2

A person commits the offense of robbery if, in the course of committing theft and with intent to obtain or maintain control of property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Tex. Pen. Code Ann. § 29.02 (a)(2) (Vernon 1994). A person commits aggravated robbery if he uses or exhibits a deadly weapon while committing a robbery. *Id.*§ 29.03(a)(2). An accused is entitled to a charge on a lesser-included offense if the lesser offense is included within the proof necessary to establish the offense charged and there is some evidence in the record that would permit a jury to rationally find that, if guilty, the accused is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Crim.App.), *cert. denied,* 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993).

There is no dispute that the elements of the lesser offense are included in the proof necessary to establish aggravated robbery. Therefore, we must determine whether there is some evidence in the record that would permit the jury to find appellant is only guilty of the lesser offense. In doing so, we must consider all the evidence introduced at trial, whether produced by the State or appellant. *Penry v. State,* 903 S.W.2d 715, 755 (Tex.Crim.App.), *cert. denied,* 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). Also, we may not consider the credibility of the evidence and if it conflicts with other evidence in determining whether an instruction should be given. *Id.* It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, there must be some evidence germane to the lesser-included offense for the factfinder to consider. *Skinner v. State*, 956 S.W.2d 532, 543 (Tex.Crim.App. 1997), *cert. denied,* 523 U.S. 1079, 118

3

S.Ct. 1526, 140 L.Ed.2d 677 (1998).  Anything more than a scintilla of evidence is sufficient to entitle a defendant to an instruction on a lesser-included offense.  *King v. State*, 17 S.W.3d 7, 21 (Tex.App.--Houston [14th Dist.] 2000, pet. ref'd).  Nevertheless, the entire record must be examined rather than extracting certain evidence and examining it in a vacuum.  *Enriquez v. State*, 21 S.W.3d 277, 278 (Tex.Crim.App. 2000).

In this instance, there were four witnesses to the crime, Mendez and the three club patrons, James Falcon, Laura Duran, and Janice Solis.  All four witnesses observed appellant with a gun and also heard or saw him fire it.  Additionally, the police found shell casings in the parking lot and a strike mark on the ground.

Zepeda himself testified on direct examination that he heard a gunshot while waiting on appellant in his truck by the side of the club.  Appellant then came running to the truck and told him to drive.  Zepeda averred appellant had a gun when he was in the back of the truck and also heard gunshots from the bed of the pickup while he was driving.

On cross-examination, Zepeda stated he had not seen appellant with a gun prior to arriving at the club.  He also answered the question affirmatively, "[w]hile you were in the same car with Mr. Coleman, didn't you say, 'What are they talking about?  What gun?'"  However, on redirect examination, he denied having said those exact words and agreed that he knew appellant had a gun that night.  Appellant did not testify during the guilt/innocence phase.

The statement allegedly made by Zepeda does not rise to more than a scintilla of evidence that appellant did not have a gun. Even if Zepeda made the statement, he had already testified that he had not seen a gun on appellant earlier in the evening, but heard gunshots both at the nightclub and coming from the bed of the pickup truck. Thus, within the context of his entire testimony, the statement does not reflect either positively or negatively on the existence of a gun, but merely shows a query on the part of Zepeda. Moreover, the evidence is overwhelming that appellant had a gun. The trial court did not err in failing to instruct the jury on the lesser-included offense. Appellant's first issue is overruled.

In his second issue, appellant claims he received ineffective assistance of counsel during trial. In that regard, he contends that his counsel failed to properly use his challenges for cause in voir dire and object to the State's argument during the guilt/innocence phase of the trial. The standard by which we review the effectiveness of counsel is set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). Under that standard, a claimant must show his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687. Thus, he must show that, but for counsel's errors, the result of the proceeding would have been different. *Id.* There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. Furthermore, counsel's

5

performance is judged by the totality of the representation and not from isolated instances of error. *Id.* at 695.

Appellant argues that (1) an unidentified venireman raised concerns regarding his father's robbery where no one was caught, and (2) Juror No. 15 had friends and relatives who had been robbed, and he said it would affect him. Both persons were selected on the jury. Further, appellant asserts, he would have had two additional strikes for Juror Nos. 1 and 35 if his counsel had properly moved to strike them for cause.

The reference in the record given to us by appellant with respect to the unidentified juror indicates that Juror No. 3's father owned a retail store and had been held up five or six years ago. However, the juror stated there was nothing about that event which would affect his ability to be fair and impartial. Later, the same juror was questioned again by the court and gave the same response. Counsel was not ineffective in failing to strike this juror when the record shows he could be fair and impartial. *See Bernal v. State,* 930 S.W.2d 636, 639 (Tex.App.--Corpus Christi 1996, pet. ref'd).

Juror No. 15 testified that her father-in-law was robbed at gunpoint, a close friend had also been robbed at gunpoint, and her brother-in-law killed his son-in-law, who was under the influence of drugs. The juror stated, "[t]hey happened just a few months ago because the man is now in the hospital after a severe stroke. It would affect my judgment." However, later the State asked if there was anyone who knew they could not be a fair juror to either the State or the defense, and no hands were raised. The record does not show

6

that appellant's counsel challenged this juror for cause or used a strike to remove her from the panel.

A challenge for cause may be made to a juror who has a bias or prejudice in favor of or against a defendant. Tex. Code Crim. Proc. Ann. art. 35.16(a)(9) (Vernon 1989). The decision in *Hernandez v. State*, 28 S.W.3d 660 (Tex.App.--Corpus Christi 2000, pet. ref'd), is helpful here. In that case, a juror stated that she did not think she could judge the defendant fairly. When asked if she felt she could not be fair and impartial, the juror stated it was a doubt she had. No challenges were made to the juror and she was selected as an alternate, who became a member of the jury when another juror became ill. In responding to a complaint that counsel was ineffective for not challenging the juror, the court found that the defense counsel, the prosecutor, and the judge were in the best position to evaluate the juror's response. *Id.* at 666. The court further noted that counsel struck other prospective jurors and there was no evidence as to counsel's reasons for not striking this particular juror. *Id.* at 666-67. In light of those factors, the trial court declined to speculate as to counsel's reasons for not striking the questionable juror. *Id.* Further, counsel did not claim that her presence on the jury actually prejudiced him, and the court declined to make that presumption. *Id.*

Other courts have also refused to find that counsel's failure to challenge a juror constitutes ineffective assistance of counsel when there is no record showing counsel's reasons for not doing so. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.

7

1994); *Beal v. State*, 35 S.W.3d 677, 682-83 (Tex.App.--Houston [1ˢᵗ Dist.] 2000, pet. granted); and *Shilling v. State*, 977 S.W.2d 789, 791 (Tex.App.--Fort Worth 1998, pet. ref'd). Similarly, in this instance, the record does not show why counsel did not challenge Juror No. 15. We therefore decline to find that the presumption of effective counsel has been rebutted. Further, appellant has not claimed he was prejudiced by the selection of the juror or shown that the outcome of the trial would have been different in light of the strong evidence of his guilt.

Appellant also claims he would have had "two (2) additional strikes (for ones used on Jurors 1 and 35) if Appellant's trial counsel had properly moved to strike for cause as both jurors said." Juror Nos. 1 and 35 were apparently struck from the panel by peremptory strikes. Although Juror No. 35 stated that if appellant did not testify he would think appellant was hiding something, he also stated that he would follow the law, was willing to listen to what the witnesses had to say and give their testimony the credibility it deserved. Counsel moved to strike the juror for cause based on his testimony that "he would have a hard time giving punishment and also had a problem with the presumption of innocence." However, the motion was overruled. Nothing in these actions demonstrates ineffective counsel.

As to Juror No. 1, he apparently raised his hand, along with several other persons, to indicate that if appellant did not testify, he must be guilty. Thereafter, there was a

8

discussion with one juror, although the record does not show which one.  Later, counsel made the following request:

> MR. CARROLL:  Yes, Ma'am.  I have some others I'd like to talk to.
>
> THE COURT:  Like who?
>
> MR. CARROLL:  No. 1 is about the issue of punishment where they said they couldn't follow the law concerning the range of punishment.
>
> As to No. 2, I have that they would question it if the defendant did not testify.  He did not feel he could be fair because of that.  I'd move to strike for cause.
>
> THE COURT:  Granted.

Although the record is not clear, it appears that Juror No. 1 was not struck for cause, but by virtue of one of appellant's peremptory strikes.  Even assuming counsel's performance was deficient in failing to move to strike Juror No. 1 for cause, neither that juror nor Juror No. 35 served on the jury.  Although appellant claims he would have had two additional strikes, he does not state that there were other jurors he would have chosen to remove from the panel by those strikes or identify those jurors.  Thus, appellant has failed to show that he was prejudiced or that the outcome of the trial would have been different.

Appellant further complains of counsel's failure to preserve error when he objected to a portion of the State's argument during the guilt/innocence phase.[1]  The objectionable argument was as follows:

---

[1]The portion of the record cited by appellant actually occurred during the punishment phase of the trial.

9

. . . This is not a minimum case so you should not start it at the bottom. This is not someone coming up and saying give me your purse or grabbing a purse and running. This is a case where shots were fired, multiple victims, high-speed chase, more shots being fired. This is a capital murder case waiting to happen. If any of those victims had been hit by those bullets - -

MR. CLARK: He's not charged with capital murder. I would object to her making that inference.

THE COURT: Sustained.

Although appellant objected, he failed to request an instruction to disregard or move for a mistrial to preserve error.

An isolated failure to object to improper argument has been held not to be ineffective assistance of counsel. *Vasquez v. State*, 819 S.W.2d 932, 938 (Tex.App.--Corpus Christi 1991, pet. ref'd). Even assuming arguendo that the failure to preserve error was deficient, appellant has not shown that, but for counsel's error, the outcome of the trial would have been different. Thus, appellant's second issue is overruled.

Having overruled appellant's two issues, we affirm the judgment of the trial court.

John T. Boyd
Chief Justice

Do not publish.