Eric **BERNAL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–95–160–CR.

Court of Appeals of Texas,
Corpus Christi.

June 13, 1996.

Rehearing Overruled Oct. 9, 1996.

Discretionary Review Refused Oct. 9, 1996.

Bill May, Corpus Christi, for Appellant.

Carlos Valdez, District Attorney, Adolfo Aguilo, Jr., Assistant District Attorney, Corpus Christi, for State.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

A jury found appellant, Eric Bernal, guilty of two counts of sexual assault. The trial court found the habitual felony offender allegations to be true and assessed punishment at seventy-five years' confinement and a $5,000 fine. By two points of error, appellant contends that he did not receive effective assistance of counsel at trial and that the prosecutor failed to read the indictment to the jury. We affirm the trial court's judgment and sentence as to count one and dismiss the appeal from the conviction of count two for want of proper sentence.

On the evening of June 2, 1992, Scarlett O'Brien was walking home when appellant and his two companions, Joey Zuñiga and Darrell Garcia, drove by and offered her a ride. O'Brien accepted. After they rode around Corpus Christi for a while, appellant drove to a location off of Ocean Drive. O'Brien testified that appellant and his companions then repeatedly sexually assaulted

her. At trial, appellant contended that the sexual encounter was consensual.

The State indicted appellant on two counts of sexual assault. Count one alleged that appellant intentionally and knowingly caused the penetration of O'Brien's sexual organ with his sexual organ without her consent. Count two alleged that appellant intentionally and knowingly caused the penetration of O'Brien's mouth with his sexual organ without her consent. The jury found appellant guilty of both counts. The trial court, however, pronounced only one sentence. The judgment states, in relevant part, as follows:

> ... it is ordered, adjudged, and decreed by the Court that the defendant, ERIC BERNAL, is guilty of the offense of SEXUAL ASSAULT AND HABITUAL FELONY OFFENDER, a felony of the 2ND DEGREE; that he is a habitual felony offender; that he be punished by confinement ... for a TERM of SEVENTY–FIVE YEARS, and by a FINE of $5,000.00. ...

We conclude that the trial court erred by failing to sentence appellant properly. Because appellant was found guilty of two offenses arising out of the same criminal episode prosecuted in a single criminal action, the trial court should have pronounced a sentence for each offense for which he was found guilty. Tex. Penal Code Ann. § 3.03 (Vernon 1974).[1] The Code of Criminal Procedure requires that punishment be assessed on each count on which a finding of guilty has been returned. Tex.Code Crim. Proc. Ann. art. 37.07, § 2(c) (Vernon 1981).[2] Under these circumstances, we presume that the one sentence assessed for numerous convictions refers to the first count of the indictment. See Robinson v. State, 553 S.W.2d 371, 372 (Tex.Crim.App.1977); Harmon v. State, 889 S.W.2d 521, 523 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). Accordingly, we hold that the trial court's judgment

---

1. Section 3.03 provides as follows:
    When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently.
    Acts 1973, 63rd Leg., R.S., ch. 399, § 1, effective Jan. 1, 1974 (amended by Acts 1993, 73rd Leg., R.S., ch. 900, § 1.01, effective Sept. 1, 1994)

(current version at Tex. Penal Code Ann. § 3.03(a) (Vernon Supp.1996)).

2. Article 37.07, § 2(c) provides as follows:
    (c) Punishment shall be assessed on each count on which a finding of guilty has been returned.
    Tex.Code Crim. Proc. Ann. art. 37.07, § 2(c) (Vernon 1981).

and sentence in this case apply only to the first count of the indictment. Therefore, we will address appellant's points of error as to count one only.

By his first point of error, appellant contends that he is entitled to a reversal of his conviction because the prosecutor failed to read the indictment to the jury as required by article 36.01 of the Texas Code of Criminal Procedure.

■ The prosecutor's reading of the indictment to the jury is mandatory. TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon Supp.1996); *Warren v. State*, 693 S.W.2d 414, 415 (Tex.Crim.App.1985); *Hinojosa v. State*, 788 S.W.2d 594, 599 (Tex.App.—Corpus Christi 1990, pet. ref'd). Failure to comply with this requirement may constitute reversible error. *Hinojosa*, 788 S.W.2d at 599. Until the indictment is read and a plea is entered, the issue is not joined between the State and the accused before the jury. *Peltier v. State*, 626 S.W.2d 30, 31 (Tex.Crim. App.1981); *Lopez v. State*, 846 S.W.2d 90, 94 (Tex.App.—Corpus Christi 1992, pet. ref'd).

■ The record reflects that the prosecutor read count one of the indictment to the jury, and appellant pleaded not guilty. The State's failure to read to the jury the concluding phrase of the indictment, "against the peace and dignity of the State," did not prevent joinder of the issue between the State and the appellant. *Nolan v. State*, 624 S.W.2d 721, 724 (Tex.App.—Amarillo 1981, no pet.). Accordingly, we overrule appellant's first point of error.

By his second point of error, appellant contends that he was denied effective assistance of counsel at trial.

■ In order to show denial of effective assistance of counsel, appellant must show that counsel's performance was so deficient that it failed to meet an objective standard of reasonableness under prevailing professional norms, and that such a failure deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Appellant must also show that, but for counsel's errors, there is a reasonable probability that the result of the trial would have been different. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. However, the constitutional right to counsel does not mean errorless counsel or counsel judged ineffective by hindsight. *Ex parte Carillo*, 687 S.W.2d 320, 324 (Tex.Crim.App.1985). Counsel's adequacy will be gauged by the totality of the representation. *Id.* In evaluating counsel's performance and strategic choices, it is difficult to do so from hindsight. Therefore, he is strongly presumed to have rendered adequate assistance. *Ex parte Zepeda*, 819 S.W.2d 874, 876 (Tex.Crim.App.1991) (per curiam).

■ Appellant complains that his trial counsel failed to strike jurors Debra Suave and Christopher Parker. Appellant contends that because Suave stated at *voir dire* that she had been a victim of a sexual assault, trial counsel should have struck her for cause. However, Suave also said that the incident happened a long time ago and that she could be a fair and impartial juror. Furthermore, Suave disclosed that a close friend had been charged with the offense of sexual assault. Despite the charge, she stated that she would not be prejudiced against the State and that she could be a fair and impartial juror. At the hearing on the motion for new trial, trial counsel testified that he had not struck Suave because "she seemed to have kind of an anti-State sort of attitude about her" because someone close to her had been charged with sexual assault. We conclude that trial counsel's failure to strike Suave did not constitute ineffective assistance of counsel.

■ Appellant has a similar complaint regarding trial counsel's failure to strike Parker. At *voir dire*, Parker stated that his stepfather had raped his sister. However, Parker also said that he would not be prejudiced against either party and that he could be a fair and impartial juror. We conclude that trial counsel's failure to strike Parker did not constitute representation that fell below an objective standard of reasonableness under the prevailing professional norms.

Appellant also complains of ineffective assistance of counsel because his trial counsel created a conflict of interest when he informed two potential witnesses, Joey Zuñiga and Darrell Garcia, of their Fifth Amendment privilege against self-incrimination. Zuñiga and Garcia were appellant's companions on the night of the sexual assault. An investigator for the defense located Zuñiga and Garcia and trial counsel interviewed them before trial. Trial counsel subsequently subpoenaed Zuñiga and Garcia to testify at trial. Before they were called to testify, the court below appointed attorneys to represent them and counsel them on their Fifth Amendment rights. After conferring with their respective attorneys, Zuñiga and Garcia both took the stand but invoked their Fifth Amendment privilege outside the presence of the jury. The defense rested without presenting any evidence.

At the hearing on the motion for new trial, several witnesses testified concerning these pre-trial interviews. Trial counsel testified that Zuñiga's and Garcia's testimony would have corroborated appellant's contention that the sex was consensual. In his conversations with appellant's companions, trial counsel told them that because of the subpoenas, the State would now focus on them as possible co-defendants. Therefore, trial counsel advised them that it was in their best interests to testify in support of appellant that the acts were consensual. Based on their testimony, appellant would likely be acquitted and the State would probably not pursue any charges against them. Trial counsel also told them that "they were better off hanging together than hanging separately." Additionally, trial counsel informed them that because they faced possible criminal charges, he anticipated that their lawyers would advise them to keep quiet; however, in this situation, trial counsel believed it was in their best interests to testify.

Trial counsel told Garcia's sister, Rose Cedillo, that it was his job to represent appellant and that he had subpoenaed Garcia because he believed that Garcia's testimony was beneficial to appellant's case. Rose Cedillo testified that trial counsel informed her that he needed Garcia's testimony on behalf of appellant. When she asked trial counsel if her brother could testify without an attorney, trial counsel told her that Garcia could invoke his Fifth Amendment privilege.

Garcia's testimony at the hearing on the motion for new trial differed from trial counsel's. Garcia testified that trial counsel discouraged him from testifying. Garcia interpreted trial counsel's statement that if "they don't hang together, they'll hang separately," to mean that if he testified, he would be convicted. Following his attorney's advice, Garcia invoked his Fifth Amendment right to remain silent.

Lastly, Suzie Johnson, Zuñiga's attorney, testified that appellant's trial counsel tried to persuade her to permit Zuñiga to testify. Trial counsel reasoned with her that if all three parties testified to the same facts, then they would all have a better chance of getting acquitted.

After reviewing the above testimony, we conclude that counsel did not provide deficient representation. Although counsel may have mentioned that they had a Fifth Amendment right against self-incrimination, he clearly urged Zuñiga and Garcia to testify for appellant in order to support his defense of consent. In informing Garcia of his Fifth Amendment right, trial counsel was merely anticipating the advice of Garcia's own attorney and attempting to defuse such advice. See TEX. DISCIPLINARY R. PROF. CONDUCT 4.04(a) (1996), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp. 1996) (STATE BAR RULES art. X, § 9).[3] As for Cedillo, trial counsel truthfully answered her question concerning whether Garcia had to testify by indicating that Garcia had the right to invoke his Fifth Amendment privilege. See TEX. Disciplinary R. Prof. Conduct 4.01(a).[4] Regardless of the fact that

---

**3.** Rule 4.04(a) states that "[i]n representing a client, a lawyer shall not ... use methods of obtaining evidence that violate the legal rights of [a third] person." TEX. DISCIPLINARY R. PROF. CONDUCT 4.04(a).

**4.** Rule 4.01 states that "[i]n the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person...." TEX. DISCIPLINARY R. PROF. CONDUCT 4.01(a).

Zuñiga's and Garcia's knowledge of their Fifth Amendment rights may have originated with trial counsel, the court also informed them of such a right and they had an opportunity to consult with their own attorneys before testifying. We hold that appellant's trial counsel provided appellant with reasonable, effective assistance of counsel in this regard.

Appellant also contends that trial counsel should have sought a continuance because his defense was destroyed when Zuñiga and Garcia decided to invoke their Fifth Amendment rights. We fail to see how a continuance would have benefitted appellant. Appellant identified Zuñiga and Garcia as his only witnesses. There were no other witnesses who could establish appellant's defense of consent. After effectively cross-examining the State's witnesses, defense counsel had no other evidence to present. We hold that trial counsel's decision not to seek a continuance was not deficient conduct.

Finally, appellant complains that trial counsel only briefly cross-examined the victim's examining physician and that counsel failed to mention certain evidence during closing argument. Both of these complaints fall within the purview of trial strategy, and as such, we will defer to trial counsel. Moreover, counsel's adequacy is gauged by the totality of representation, and our review indicates that trial counsel provided appellant with effective assistance of counsel. Accordingly, we overrule appellant's second point of error.

The judgment and sentence of the trial court is AFFIRMED as to count one of the indictment. The appeal from the conviction of count two of the indictment is DISMISSED for want of proper sentence. *Robinson*, 553 S.W.2d at 375. The trial court may now pronounce sentence and enter a judgment and sentence on count two of the indictment, and appellant may appeal that conviction if he so wishes. *Id.*