In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-064 CR


____________________



DAVID ALAN CLEMMENTS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A-000286-R






O P I N I O N


 A jury convicted David Alan Clemments of aggravated sexual assault of a child and
sentenced him to seventy-five years' confinement in the Texas Department of Criminal
Justice, Institutional Division. Clemments appeals claiming he received ineffective
assistance of counsel.

 The standard of review for evaluating claims of ineffective assistance of counsel is
set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80
L.Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). 
The defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at 689. 
 Declining to present defensive evidence is not per se ineffective assistance. See
Bernal v. State, 930 S.W.2d 636, 641 (Tex. App.--Corpus Christi 1996, pet. ref'd). The
motion for new trial did not raise ineffective assistance and no hearing was conducted. 
The record is therefore silent as to why trial counsel did not put Clemments on the stand
during guilt/innocence. The State posits that considering Clemments prior felony
convictions, which were introduced during the punishment phase, it could have been sound
trial strategy. See Tex. R. Evid. 609(a). Appellate counsel does not refute this
possibility. 

 The record is also silent as to why Clement's counsel did not present any other
witnesses in his defense or what their testimony would have regarded. The record does
not establish the actual existence of any favorable witnesses. To find trial counsel was
ineffective based on any of the asserted grounds would call for speculation, which we will
not do. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble v.
State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.). Without
testimony by trial counsel, we cannot meaningfully address her reasons for not presenting
evidence. Accordingly, we hold Clemments has not satisfied the first prong of Strickland. 
See Davis v. State, 930 S.W.2d 765, 769 (Tex. App.--Houston [1st Dist.] 1996, pet.
ref'd). Clemments' sole issue is overruled and the judgment of the trial court is
AFFIRMED.

 PER CURIAM

Submitted on May 21, 2002 

Opinion Delivered May 29, 2002

Do not publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.