NUMBER 13-03-426-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

ARMANDO RUBIO,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 94th District Court
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Armando Rubio, was indicted for one count of indecency with a child
and five counts of aggravated sexual assault of a child. The first trial resulted in a
hung jury. At a second trial, the jury found Rubio guilty of indecency with a child and
of three of the five counts of aggravated sexual assault of another child, and assessed
punishment at ten years confinement for indecency and thirty years for each count of
aggravated sexual assault, plus a $2,500 fine for each count. Rubio filed a motion and
then an amended motion for new trial. The hearing on Rubio's amended motion was
held seventy-seven days after his sentence was imposed in open court, and two days
after Rubio's motion was overruled as a matter of law. See Tex. R. App. P. 21.8(c).
         Rubio appeals from the trial court's judgment. The trial court has certified that
this case "is not a plea bargain case, and the defendant has the right of appeal." See
Tex. R. App. P. 25.2(a)(2). By a single point of error, Rubio complains of ineffective
assistance of counsel. We affirm the trial court's judgment.
I. Facts
         Because all issues of law are settled, our memorandum opinion only advises the
parties of the Court's decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Ineffective Assistance of Counsel
         Rubio complains that his trial attorneys were ineffective because they failed to: 
(1) meet with him prior to trial with sufficient time to prepare a defense; (2) interview
potential witnesses; (3) properly cross-examine the victims; and (4) pursue a defense.
A. Standard of Review
         The United States Supreme Court and the Texas Court of Criminal Appeals have
promulgated a two-prong test to determine whether representation was so inadequate
that it violated a defendant’s right to counsel. See Strickland v. Washington, 466 U.S.
668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986);
Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.–Corpus Christi 2000, no pet.). To
establish ineffective assistance of counsel, appellant must show: (1) his attorney’s
representation fell below an objective standard of reasonableness; and (2) there is a
reasonable probability that, but for his attorney’s errors, the result of the proceeding
would have been different. Strickland, 466 U.S. at 687; Stone v. State, 17 S.W.3d
348, 349-50 (Tex. App.–Corpus Christi 2000, pet. ref’d).
         The defendant bears the burden to prove ineffective assistance of counsel by
a preponderance of the evidence. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). He must prove that counsel's errors, judged by the totality of the
representation and not by isolated instances, denied him a fair trial. See Strickland,
466 U.S. at 688. A defendant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy; that
counsel made all significant decisions in the exercise of reasonable professional
judgment and sound trial strategy. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim.
App. 2000); Stone, 17 S.W.3d at 350-51. Assertions of ineffective assistance of
counsel must be firmly founded in the record. Bone v. State, 77 S.W.3d 828, 835
(Tex. Crim. App. 2002).
B. Motion for New Trial
         In support of his arguments on appeal, Rubio refers this Court to evidence
developed at a hearing on his amended motion for new trial. However, a trial court
must rule on a motion for new trial within seventy-five days after the trial court
imposed sentence in open court. Tex. R. App. P. 21.8(a). Once the seventy-five day
period expires the motion is deemed denied; thus, the trial court has no authority to
grant a new trial after that time. See id. at rule 21.8(c); Baker v. State, 956 S.W.2d
19, 25 (Tex. Crim. App. 1997).
         In this case, the trial court pronounced sentence in open court on June 27,
2003. Rubio filed a motion for new trial on July 22, 2003. He filed his amended
motion for new trial on August 15, 2003. The hearing on Rubio's amended motion
for new trial was held on September 12, 2003, seventy-seven days after the
imposition of sentence in open court. Rubio did not object to the untimely hearing. 
See Baker, 956 S.W.2d at 25. At the time of the hearing, Rubio's amended motion
for new trial had already been deemed denied. See Tex. R. App. P. 21.8(c). Because
the trial court had no authority to rule on a motion for new trial or to hold the hearing
after the seventy-fifth day, any testimony developed at the September 12 hearing
must be disregarded.


C. Analysis
1. Failure to Meet with Rubio with Sufficient Time to Prepare Defense 
and to Interview Potential Witnesses

         Rubio contends his attorneys failed to timely communicate with him prior to trial
and failed to investigate a possible defense by not interviewing prospective witnesses. 
These allegations are dependent on testimony developed at the hearing. Having
determined evidence from the hearing may not be considered in this appeal, Rubio's
contentions are not firmly founded in the record and cannot form the basis for his
complaints on direct appeal.


 See Bone, 77 S.W.3d at 833; Thompson, 9 S.W.3d at
813-14 (to defeat presumption of reasonable professional assistance, "any allegation
of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness").
2. Failure to Properly Cross-Examine the Victims
         Rubio also contends his trial attorneys were ineffective because they failed to
ask either victim relevant questions about the allegations. "It has been said that 'often
the decision to not cross-examine a witness is the result of wisdom acquired by
experience in the combat of trial.'" Miniel v. State, 831 S.W.2d 310, 324 (Tex. Crim.
App. 1992) (quoting Coble v. State, 501 S.W.2d 344, 346 (Tex. Crim. App. 1973));
Brown v. State, 871 S.W.2d 852, 856 (Tex. App.–Corpus Christi 1994, pet. ref'd)
(indecency with child case). Likewise, brief cross-examination of a witness may also
fall within the purview of trial strategy. See Bernal v. State, 930 S.W.2d 636, 641
(Tex. App.–Corpus Christi 1996, pet. ref'd).
         At the guilt/innocence phase of the present trial, counsel cross-examined the
complaining witnesses, generally testing their memory and eliciting from them what
their home life had been like and whether they had received counseling. However,
counsel appeared to avoid any extensive cross-examination that could have been
viewed by the jury as attacking the victims. Rubio has not rebutted the presumption
he was adequately represented; that these actions were part of his trial attorneys'
sound trial strategy. See Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App.
2001); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble v.
State, 916 S.W.2d 92, 93 (Tex. App.–Houston [1st Dist.] 1996, no pet.).
3. Failure to Pursue a Defense
         Finally, Rubio asserts trial counsel failed to provide any defense that the
allegations were motivated by what an older sibling allegedly told them to say. The
record sets out that Rubio's trial attorneys investigated and sought discovery prior to
trial. At trial, they presented Dr. Marshall Dean Voris, a psychologist, who testified
generally concerning the unreliability of child testimony and the tendency of children
to fabricate stories. Specifically, Dr. Voris examined the interviews underlying the
present charges and concluded that improper interview techniques tainted the victims'
testimony. Dr. Voris also questioned the reliability of the medical records and the
absence of any physical trauma that would suggest sexual assault. Additionally,
during closing argument on guilt/innocence, counsel stressed the unreliability of the
outcry testimony and the improper interview techniques, as well as the lack of medical
evidence to support the charges. Furthermore, while Rubio's sister testified at the
punishment phase of trial that there were hard feelings between the victims' older
sibling and Rubio, she did not testify that the older sibling told the victims what to say.
         Accordingly, following the test for determining ineffective assistance of counsel
as set forth in Strickland, we conclude, from a review of the totality of representation,
Rubio has not shown how his attorneys' representation fell below an objective
standard of reasonableness, or that there is a reasonable probability that, but for his
attorneys' errors, if any, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 687. Rubio's sole point of error is overruled.
III. Conclusion
         The judgment of the trial court is affirmed.                                                                                         
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 29th day of July, 2004.